Alfred LAMASCUS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17931.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1973.

Jan Eric Cartwright, Muskogee, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

## OPINION

BAILEY, Judge, Specially Assigned:

Appellant, Alfred Lamascus, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Muskogee County, Case No. CRF–71–451, for the offense of Larceny by Fraud. He was sentenced to serve a term of five (5) years in the State Penitentiary and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Robert Stuart, President of the American Bank of Wagoner, Oklahoma, testified that on January 27, 1970, Virginia Randolph executed an installment note to purchase an automobile (1970 Pontiac Catalina); that John Russell, Jr., co-signed the note with Virginia Randolph. Only three payments were made to the bank and in July 1971, the bank repossessed the automobile. Mr. Russell agreed to satisfy the debt and instructed the bank to deliver the automobile to Don Hughart, an automobile dealer in Muskogee, Oklahoma, and on August 20, 1971, witness Stuart delivered the automobile to Don Hughart.

Don Hughart next testified that he made arrangements with Jonh Russell to sell the vehicle in question. The vehicle was delivered to his lot in Muskogee and thereafter, the defendant became interested in purchasing the vehicle. Hughart then testified that on September 15, 1971, he allowed the defendant to "try out" the automobile. After trying out the automobile, the defendant returned to his lot on September 17, 1971, and advised Hughart that he had arranged to go to Wagoner, Oklahoma, and make his financial arrangements there with the bank at Wagoner, Oklahoma. The defendant left the lot in the automobile and was never seen by witness Hughart again.

John Russell, Jr., Assistant District Attorney for Wagoner County, Oklahoma, testified that he agreed to pay off the note executed by Virginia Randolph; that he asked Don Gughart to put the automobile on his lot and sell it for him. The defendant did not pay him for the automobile nor did the defendant ever return it to him.

The defendant did not take the stand nor offer any evidence in his own behalf.

The defendant's first proposition asserts that the trial court erred in refusing to grant the defendant continuance to allow his court-appointed attorney time to prepare for trial resulted in depriving defendant of proper legal representation.

The record reflects that the cause was originally tried in June 1972 wherein the defendant was represented by court-appointed counsel, Mr. Bill Jones. The trial in June 1972 resulted in a mistrial. Thereafter, the defendant discharged his court-appointed counsel, Mr. Jones. The trial court, upon application of Mr. Jones, allowed him to withdraw as attorney of record. This cause was reset for jury trial on October 16, 1972. The defendant was notified on October 4, 1972, of the trial date, twelve (12) days prior to trial. On the date the trial was set, the defendant appeared without counsel, but informed the trial court that he had obtained an attorney from the State of Kansas, who was not present for trial. Thereafter, the trial

court appointed Mr. Jan Cartwright to represent the defendant, allowing approximately one hour consultation with the defendant. Mr. Cartwright moved the court for continuance, which was denied, and the cause proceeded to trial.

This Court in the case of Allcorn v. State, Okl.Cr., 392 P.2d 66 (1964) held in Syllabi 1 and 2:

"1. The granting or denial of a Motion for Continuance filed on the day of trial, rests within the sound discretion of the trial court. The action of the trial court in denying a Motion for Continuance will not be disturbed on review unless it can be shown that the action of the trial court was arbitrary and capricious.

"2. A person charged with a felony, who had ample opportunity to secure counsel is not permitted to wait until the day preceding the trial of his case to employ counsel, file a Motion for Continuance on the day of trial alleging inadequate time to prepare his defense; and predicate error on the trial courts refusal to grant the same."

Also, in the case of Nipp v. State, Okl.Cr., 374 P.2d 624 (1962), this Court held in Syllabi 3:

"3. Where accused, free on bond, has ample opportunity to employ counsel, prepare his defense and subpoena witnesses, and appears before the court on the date set for trial without counsel, he is not entitled to counsel at public expense in the absence of a showing of poverty; nor, is he entitled to a continuance as a matter of right, but the granting or denial of a motion for continuance is addressed to the sound judicial discretion of the court."

In the instant case, it appears from the record that the defendant was free on bond from August 18, 1972, until the day of trial.

If defendant's contentions should be adopted by this Court, it would be a simple matter for any defendant in any case to completely frustrate the judicial process by alleging on the day of the trial that he is not prepared for trial and needs additional time to retain counsel for preparation of his defense, without having presented a valid reason to the trial court for his failure to retain legal counsel and to subpoena defense witnesses prior to date of trial.

As the defendant in the instant case had ample opportunity to employ counsel and prepare his defense prior to trial and offered no valid reason for failure to do so, we cannot say that the actions of the trial court were arbitrary or capricious. We therefore find no merit in this proposition.

The defendant's second proposition asserts that the verdict is contrary to law and evidence in that there was insufficient evidence to convict the defendant as he had obtained the automobile by a promise to pay or perform in the future and did not employ or use fraud in acquiring the automobile.

It is defendant's argument under this proposition that the State failed to prove the false representation of a present or past fact. In the case of Hagan v. State, 76 Okl.Cr. 127, 134 P.2d 1042 (1943), this Court held the following in the following Syllabi:

"3. Larceny in this State is defined as follows: 'Larceny is the taking of personal property by fraud or stealth and with intent to deprive another thereof.' 1931 Okl.Stat. § 2253, Okl.Stat.Ann.1941, Tit. 21, § 1701.

"4. The essential elements of the crime are:

(a) That there must be a taking and carrying away from the possession of another;

(b) That the thing taken away must be the property of another;

(c) That the taking was against the will of the owner; and

(d) That the taking was with a felonious intent.

"5. 'It is a well-settled general rule that the requirement of a felonious taking against the will of the owner is sufficiently met, and that larceny is committed, where a person intending to steal

another's personal property obtains possession of it, although by or with the consent of the owner, by means of fraud or through fraudulent trick or device, and feloniously converts it pursuant to such intent.' "

And in 52A C.J.S. Larceny § 32, the general rule is stated in part:

"Misrepresentation, as an element of larceny by fraud or trick, need not be a misrepresentation as to an existing or past matter and may consist of a future promise made without intention to perform."

Also, in 50 Am.Jur.2d, Larceny § 7, states in part:

"As a further distinction between theft and swindling, it has been pointed out that in theft the false pretext which results in the delivery of the property is not confined to false representation of a past event, but may embrace a condition subsequent."

We are therefore of the opinion that the offense of Larceny by Fraud does not require a misrepresentation of a past event or an existing fact and in the instant case we believe that the evidence of the defendant's future promise to obtain financing at a bank in Wagoner, Oklahoma, was sufficient proof to show fraud in acquiring the automobile. We therefore find no merit in this proposition.

The defendant's third proposition contends the verdict is contrary to law and evidence in that testimony of the State was not sufficiently corroborated to sustain a conviction.

■ It is the defendant's contention under this proposition that 22 O.S.1971, § 743, applies to the crime of Larceny by Fraud.

Title 22 O.S.1971, § 743 states in part:

"Upon a trial for having, with an intent to cheat or defraud another designedly, by any false pretense, obtained the signature of any person to a written instrument, or having obtained from any person any money, personal property or valuable thing, the defendant cannot be convicted if the false pretense was ex-

pressed in language unaccompanied by a false token or writing, unless the pretense, or some note or memorandum thereof, be in writing either subscribed by, or in the handwriting of the defendant, or unless the pretense be proven by the testimony of two witnesses, or that of one witness and corroborating circumstances. But this section does not apply to prosecution for falsely representing or personating another, and in such assumed character, marrying or receiving money or property."

It is our opinion that the above statute does not apply to the offense of Larceny by Fraud and a conviction for Larceny by Fraud will not fail for lack of corroborating evidence. We therefore find no merit in this proposition.

■ The defendant's fourth proposition asserts the verdict is contrary to law and evidence in that there was insufficient evidence to prove the intent of the defendant at the time of receiving the property to sustain a conviction. In the case of Eakin v. State, 97 Okl.Cr. 190, 260 P.2d 730 (1953), this Court held in Syllabi 5:

"5. Intent to commit larceny is a question of fact to be determined by the jury under the circumstances and the evidence or the trial court where a jury has been waived."

In the instant case the record reveals the trial court gave the following instruction:

"In a prosecution for the offense charged in the Amended Information in this case the felonious intent on the part of the defendant to take the property and permanently deprive the owner thereof and to convert the property, the automobile, taken to the defendant's own use, as alleged in the Amended Information, is an essential ingredient of the crime charged and a material fact which must be proved to your satisfaction by competent evidence beyond a reasonable doubt. Such intent, however, is a question of fact to be determined by the Jury from all the facts and circumstances in evidence before you."


As the intent to commit Larceny is a question of fact to be determined by the jury and the trial court properly instructed the jury on same in the instant case, we find defendant's fourth proposition to be without merit.

The defendant's fifth proposition asserts the punishment assessed is excessive.

This Court has repeatedly held that the Court of Criminal Appeals will not modify a sentence unless we can conscientiously say under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. See Roberts v. State, Okl.Cr., 473 P.2d 264. In the instant case we cannot conscientiously say after considering all the facts and circumstances that the sentence imposed by the jury is so excessive that it shocks the conscience of this Court.

The defendant's sixth proposition asserts that the trial court erred in failing to allow defendant time to furnish affidavits of witnesses. We find no merit in this proposition for the same reasons set forth in defendant's first proposition of error.

It is our opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.