Barry Elton DRAPER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–718.

Court of Criminal Appeals of Oklahoma.

March 22, 1977.

Charles W. Stubbs, Oklahoma City, for appellant.

**156**

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Barry Elton Draper, hereinafter referred to as defendant, was charged, tried and convicted of Leaving the Scene of an Accident Which Resulted in Injury to a Person Without Stopping and Giving Required Information and Without Rendering Reasonable Assistance to the Injured Person, in violation of 47 O.S.1971, § 10-102, in the District Court, Oklahoma County, Case No. CRF-75-3441. His sentence was fixed by jury at six (6) months' imprisonment and a Five Hundred ($500.00) Dollar fine. He appeals.

Briefly stated, the facts at trial indicate that on September 8, 1975, Tim Fort was riding his motorcycle north on South McKinley Street in Oklahoma City, and the defendant was driving his pickup south on that same street. As both approached the intersection of S.W. 27th Street, witnesses said the defendant pulled out to pass a large truck and in so doing hit Fort on his motorcycle, sending him sprawling to the ground. The defendant started to stop, glanced back briefly to see the accident, and then sped away east on S.W. 27th Street. Two witnesses got his license plate number and gave it to police who arrested him a short time later at his home. The defendant said he left the scene of the accident to call police and an ambulance, and although he returned shortly thereafter he said he did not talk to anyone. Witnesses did not remember his being present.

As his first assignment of error defendant contends the trial court erred when it overruled his motion for directed verdict of acquittal, offered at conclusion of the State's evidence. Said motion argued the issue of double jeopardy in that defendant had previously pled guilty to charges of driving under the influence (CRM-75-2929), and driving under revoked license (CRM-75-2926). And, he argued that both offenses encompassed the same fact situation as the charge at bar, citing *Richmond v. State*, Okl.Cr., 492 P.2d 349 (1971), as supporting authority.

■ Two or more criminal acts may be committed during the course of one continuing transaction without giving rise to a former jeopardy situation after a trial on one of the criminal acts. *Tucker v. State*, Okl.Cr., 482 P.2d 939 (1971).

■ The test in a possible double jeopardy situation is found in *Branch v. Mills*, Okl.Cr., 500 P.2d 590, 593 (1972), which quotes from *Hattaway v. United States*, 399 F.2d 431 (5th Cir. 1968):

" 'For a double jeopardy claim to be viable, it must be shown that the two offenses charged are in law and in fact the same offense. * * * Offenses are not the same if, upon the trial of one, proof of an additional fact is required that is not necessary to be proved in the trial of the other, although the same acts may be necessary to be proved in the trial of each.' "

We can also look to *Marshall v. United States*, 299 F.2d 141 (10th Cir. 1962), which quoted from *Creed v. United States*, 283 F.2d 646 (10th Cir. 1960):

" 'The test for determining whether the offenses charged in two counts of an indictment are identical is whether the facts alleged in one, if offered in support of the other, would sustain a conviction. Where each count requires proof of a fact which the other count does not, the two offenses charged are not identical.' "

Also see, 22 O.S.1971, § 522.

Speaking to a specific example, this Court said in *Pippin v. State*, Okl.Cr., 497 P.2d 767 (1972), that prosecution and conviction for "following too closely" did not preclude prosecution on a charge of driving while intoxicated, even though both charges arose out of the same transaction.

■ We come to the conclusion that the three offenses referred to above are composed of entirely different elements, and the trial court did not commit error by refusing to grant defendant's motion for a

directed verdict of acquittal. We, therefore, find this assignment of error to be without merit and dismiss same.

As his final assignment of error, defendant contends the prosecuting attorney committed reversible error when he made the following comments during closing argument:

"You know, the tragedy of this case is that a young man is permanently disabled for the rest of his life and this only carried one year in the penitentiary. Only one measly year. That young man (indicating) who is twenty three or twenty five may live another fifty years sitting in a wheelchair.

\*   \*   \*   \*   \*   \*

". . . We have to consider that aspect of it too. We say, 'Oh, we [feel] so sorry for this man. He's going to do a year in the penitentiary.' He ought to do five years. He ought to do just a small percent of the time that this young man in the wheelchair has to do. He is just as confined as this man will be in the penitentiary. He will be confined in that wheelchair, confined as a cripple, and you heard what the doctor said when he said, 'We almost lost him two or three times,' . . . ." (Tr. 138–139)

Defendant contends it was outside the record for the prosecutor to state that Tim Fort would be in a wheelchair for 50 years. Yet, Dr. Robert Cassidy stated that Fort would have a permanent disability for as long as he lived, and considering that Fort was 28 years of age at the time of the accident it was not unreasonable to anticipate his living another 50 years.

Defendant cites *Sizemore v. State*, Okl. Cr., 507 P.2d 1330 (1973). However, *Sizemore* is clearly distinguishable as it dealt with prosecutive reference to crime in the streets and asked the jury to do something about it.

Further, defendant took the prosecutor's comments out of context. In his closing argument the prosecutor, following the above quote, went on to say:

"As jurors, if you do not appreciate this kind of conduct on the part of the defendant . . ., then I hope that you will return the maximum verdict which is only a year, . . . compared to the confinement that man in the wheelchair will have for the rest of his life.

"This man comes out with a year. Only a year." (Tr. 139)

In light of the above, plus the fact that defendant received one half of the maximum penalty, we are unable to say the defendant was prejudiced by the prosecutor's remarks. Judgment and sentence is, therefore, *AFFIRMED*.

BUSSEY, P. J., concurs.

BRETT, J., dissents.