Phillip RICHARDS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–198.

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1977.

Warren Watkins, Claremore, for appellant.

Larry Derryberry, Atty. Gen., Harold T. Garvin, Jr., Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Phillip Richards, hereinafter referred to as defendant, was charged, tried by jury and convicted for the offense of Unlawful Delivery of a Controlled Drug in District Court, Mayes County, Oklahoma, Case No. CFR–76–49. He was sentenced to a term of fifteen (15) years' imprisonment and fined Five Thousand Dollars ($5,000.00) and has perfected this timely appeal.

Briefly stated, the testimony at trial shows that during the night of March 20, 1976, an undercover police officer, Mary Jane Stockton, went to a house trailer owned by the defendant. "Did you come for the stuff?", the defendant asked. "Yes I did," answered Ms. Stockton. Replying "I will get it," the defendant went into a back room and emerged with a folded white paper which he handed to Stockton in exchange for a $100.00 bill. As she was leaving the trailer, Stockton hesitated in the doorway—a prearranged signal with Agent Warren Henderson of the State Bureau of Narcotics and Dangerous Drugs. The two officers then entered the trailer with guns drawn and arrested the defendant and two others present. During the ride into town the defendant sat in the back seat with his five-year-old son, who was taken to, and left with, his grandfather. Another officer testified he later saw a $100.00 bill with the identical serial number as that given the defendant in possession of the grandfather. The folded white envelope contained a brown substance—identified as heroin—the envelope was marked by both Stockton and Henderson before being taken personally by Henderson to the State Bureau of Investigation for analysis.

The defendant's first assignment of error is that the trial court erred by failing to grant a continuance. Defendant was arrested on March 20, 1976. Defendant hired private counsel but discharged him on August 18, hiring present counsel on August 25, 1976. Motion for continuance was denied September 7, and trial was held on September 9. Defendant argues he needed additional time to hire a private forensic chemist.

This Court has held in a long line of cases that a motion for a continuance is addressed to the trial court's discretion which will not be disturbed in absence of an abuse. *Mangum v. State*, Okl.Cr., 541 P.2d 1348 (1975), 22 O.S.1971, § 584. Considering the length of time the defendant had to prepare for trial, we find no abuse of discretion and find this assignment of error to be without merit.

As his second assignment of error, defendant argues the Court erred by failing to strike the testimony of Dennis Rimer, the State forensic chemist, who identified the brown substance as heroin. Rimer based his identification on two tests which produced a graph on paper which was destroyed following the identification. Defendant bases his argument on the Best Evidence Rule, contending the graph itself would be the best evidence of the test.

The Best Evidence Rule is stated in *Hayes v. State*, Okl.Cr., 397 P.2d 524 (1964):

" 'For the purpose of proving the *content of a writing*, the original writing itself is regarded as the primary evidence, and secondary evidence is inadmissible unless failure to offer the original is satisfactorily explained.' (Emphasis ours)."

Although there is question as to whether graphs from a gas chromatograph, mass spectrometer and an infrared spectrophotometer constitute writing within the above definition, we find no error in allowing a qualified chemist to testify as to the results of the test and find the assignment of error to be without merit.

In the defendant's third assignment of error, he contends the trial court erred when it allowed into evidence the envelope containing the alleged heroin on grounds the chain of custody was not established, and that the State did not prove that the evidence had not been tampered with.

We have held that the protection afforded the defendant by the chain of possession is to insure that between the time the evidence is found and the time it is

analyzed there has been no substitution or tampering. The State is not under the burden of negating absolutely any and all possibility of tampering or substitution while the evidence is in the custody and control of a law enforcement agency. *Contu v. State*, Okl.Cr., 533 P.2d 1000 (1975).

 *Trantham v. State*, Okl.Cr., 508 P.2d 1104 (1973), cited by the defendant, states the rule:

> "'It is true that the party offering demonstrative evidence must show to the satisfaction of the trial court that in *reasonable certainty* there had been no alteration of or tampering with the exhibit. . . .
>
> "' . . . This burden, however, is not so absolute that all possibility of alteration must be negated. Even where there may be the barest speculation that tampering could have occurred, it is proper to admit the evidence and let what doubt there may be go to its weight. . . .'"

(Emphasis Added).

The defendant contends that there was a possibility of tampering because the contraband was kept in a room where a State chemist other than the witness Rimer also had access, as did the campus police. He also argued that the key to the evidence room was kept in the laboratory and "accessible to anyone." This assignment of error is based on mere speculation, and in accordance with *Trantham*, supra, we find the court did not err in admitting this evidence for the jury's consideration.

 As defendant's fourth assignment of error, he contends that the trial court erred in overruling his demurrer. We find this error to be so frivolous as to not warrant discussion. Suffice it to say that the evidence amply supports the verdict of the jury and the court properly overruled the defendant's demurrer.

 The defendant claims, as his final assignment of error, that the sentence and fine are excessive. The punishment imposed is within the range provided by law and finding no error that would justify modification or reversal we affirm the verdict of the jury.

For the above reasons, the judgment and sentence is *AFFIRMED.*

BRETT, J., concurs.