James Paul BOWEN, and Johnny
Bowen, Appellants,

v.

The STATE of Oklahoma, Appellee.

Nos. F–78–96 to F–78–99.

Court of Criminal Appeals of Oklahoma.

Oct. 24, 1978.

Paul Stumbaugh, Mangum, for James Paul Bowen.

James P. Garrett, Mangum, for Johnny Bowen.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Charles Helm, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

James Paul Bowen and Johnny Bowen were charged separately in the District Court, Greer County, Oklahoma, with the offense of Escape, Case No. CRF–77–2 and CRF–77–3, respectively, in violation of 21 O.S.Supp.1976, § 443. The same appellants were also charged jointly in the District Court, Greer County, with the offense of Larceny of an Automobile, After Former Conviction of a Felony, Case No. CRF–77–5, in violation of 21 O.S.1971, § 1720. The three trials were consolidated by agreement and both defendants waived their right to jury trial. The trial court found both defendants guilty of Escape and Larceny of an Automobile, AFCF, and sentenced each of them to serve prison terms of three (3) years and fifteen (15) years for the respective offenses. From the aforesaid judgments and sentences, timely appeals have been perfected to this Court, which have been consolidated for purposes of this opinion.

The State's first witness Randy Nagel testified that he was a guard at the Oklahoma State Reformatory in Granite and that on the morning of January 13, 1977, he saw the defendants on their way to the breakfast hall at approximately 6:30 a. m. The witness testified further that this was the last time he saw either of the defendants. Upon cross-examination, the witness testified that he did not see the defendants leave the reformatory, nor did he give them permission to leave.

W. D. Annis testified next. The witness related that on the morning of January 13, 1977, he and his wife went to work at around 7:00 a. m., leaving their son Art asleep at the residence. The witness testified further that he owned a 1972 white Cutlass, which was driven primarily by his son. The witness then produced the title and registration to the car, both of which were in his name. Finally he stated that his son Art was the only person with permission to drive the car.

Art Annis was called as the next witness for the State. He testified that on the morning of January 13, 1977, he was asleep in his parents' home which was located approximately three miles north of the Granite Reformatory. He related that at about 9:00 a. m., two men armed with knives came into his bedroom and woke him up. He identified the defendants as the same two men. He was told that they wanted the keys to his car and some clothing to wear. The defendants then tied him up with insulation tape, changed clothes, cut the telephone wires and presumably drove off in the white Cutlass. Subsequently, the witness untied himself and called the police from the neighbor's house.

The State's next witness Floyd Denton testified that he was a deputy sheriff in Beckham County, Oklahoma. He related how he and another deputy pursued and apprehended the defendants in the stolen white Cutlass. The State's remaining witnesses testified regarding the defendants' escape and prior convictions.

The defendants did not testify nor was any evidence offered in their defense.

■ Defendants assert in their first assignment of error that the judgment of the trial court, finding them guilty of Larceny of an Automobile, AFCF, was contrary to the evidence for the reasons that the information failed to name the true owner of the stolen vehicle. We find this assignment of error totally without merit. The informa-

tion alleged that David Annis was the owner of the vehicle. David Annis testified that he was the owner of the car and further produced the title and registration, both of which were in his name. The fact that the vehicle was purchased for the use and benefit of his son is of no significant consequence.

 The defendants contend in their second assignment of error that they were denied their Fifth Amendment right not to be twice put in jeopardy for the same offense. In support of this contention defendants argue that the charges against them for Escape and Larceny of an Automobile all arose from one transaction and that the State should have been required to elect which charge to prosecute.

In *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), the Supreme Court reiterated the established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of dual punishment:

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not."

See also *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Applying this test to the instant case, we can arrive at no other conclusion except to find that escape and larceny of an automobile are not the same offenses. Therefore we find this assignment of error to be without merit.

We note that the State in its brief relies on the following language from *Draper v. State*, Okl.Cr., 562 P.2d 155 (1977) and *Branch v. Mills*, Okl.Cr., 500 P.2d 590 (1972):

> "For a double jeopardy claim to be viable, it must be shown that the two offenses charged are in law and in fact the same offense. * * * Offenses are not the same if, upon the trial of one, proof of an additional fact is required that is not necessary to be proved in the trial of the

other, although the same acts may be necessary to be proved in the trial of each."

In light of the test set forth in *Brown*, supra, it is readily apparent that the language in *Branch* and *Draper* is no longer valid, therefore we expressly overrule the aforementioned language contained in *Branch* and *Draper*.

 The third assignment of error relates only to defendant Johnny Bowen. It is contended that Johnny Bowen's prior conviction is void for a total lack of due process in that proceeding, and as such he cannot be convicted of Larceny of an Automobile, AFCF, and furthermore he cannot be convicted of Escape, because it is not a crime to escape from unlawful imprisonment. We are of the opinion that this assignment of error is without merit for the reasons stated in *Parker v. State*, Okl.Cr., 556 P.2d 1298 (1976):

> "However, in all cases when an appeal from a felony conviction has not been perfected in this Court within six (6) months of the rendition of judgment and sentence in the manner provided by law, said judgment and sentence may be used to enhance punishment in a subsequent trial under 21 O.S.1971, § 51; notwithstanding the right to collaterally challenge the conviction under the Post-Conviction Procedure Act, 22 O.S.1971, §§ 1080, et seq."

If defendant Johnny Bowen still wishes to challenge the validity of the prior conviction and the lawfulness of his incarceration he must do so under the provisions of 22 O.S.1971, §§ 1080 et seq.

 Defendants finally allege that the punishment for the offense of Larceny of an Automobile, AFCF, is excessive and should be modified to a lesser term. We have repeatedly held that this Court does not have the authority to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of this Court. See *Lamascus v. State*, Okl.Cr., 516 P.2d 279 (1973). Considering that the

evidence of the defendants' guilt is overwhelming and that the punishments are well within the range provided by law, we cannot conscientiously find that the punishments imposed shocked the conscience of this Court. The judgments and sentences are accordingly *AFFIRMED.*

CORNISH, J., concurs.

BRETT, J., specially concurs.

BRETT, Judge, specially concurs:

I concur in this decision and cite this Court's decision in *Dodson v. State*, Okl.Cr., 562 P.2d 916 (1977), for further authority to join the informations for one trial.