Donald Lee SUTTON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-80-19.

Court of Criminal Appeals of Oklahoma.

Sept. 11, 1981.

Rehearing Denied Oct. 2, 1981.

James P. Garrett, Mangum, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., Mary Bryce Leader, Legal Intern, Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

The appellant, Donald Lee Sutton, was convicted of Escaping from Prison in Greer County District Court, Case No. CRF-78-32. The jury sentenced him to four (4) years' imprisonment. On June 10, 1981, the petition for rehearing was filed, and, upon reconsideration, the original opinion filed in this case on May 27, 1981, was withdrawn.

On November 27, 1978, the appellant, who was a prisoner at the Oklahoma State Reformatory, in Granite, Oklahoma, was assigned to a work detail that was taken to Quartz Mountain State Park, where the prisoners were supervised by prison guards. It was the appellant's responsibility to pick up trash around the parking lot of the lodge. Parked in the lot was a green 1970 Chevrolet. When the appellant noticed that the keys had been left in the car, he got in and drove off. He was apprehended later that same day in the vicinity of Vernon, Texas.

The State filed two charges against the appellant: Larceny of an Automobile, After Former Conviction of a Felony, case no. CRF-78-33; and Escaping From Prison, case no. CRF-78-32. The trial court denied the appellant's motion to elect which charge to prosecute. The court did, however, require the State to elect which charge to try first. At the first trial on the larceny charge, the appellant was convicted of the

lesser included, Unauthorized Use of a Motor Vehicle. At his second trial, the appellant raised the jeopardy issue. The appellant continued to raise, and the trial court continued to deny, his claim of double jeopardy throughout all stages of the proceedings in both trials.

Appellant's first challenge to this conviction is based upon the alleged violation of the appellant's fifth amendment right against double jeopardy. Appellant asserts that insofar as he was convicted for the offense of unauthorized use of an automobile in case no. CRF–78–33, that he cannot be properly tried on the escape charge. He premises his objections on Article II, § 21, Oklahoma Constitution and 21 O.S.1971, § 11, asserting that the two charges are one and the same.

■ The Double Jeopardy Clause, incorporated into the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The courts are prohibited from imposing more than one punishment for the same offense and the State may not attempt to secure that punishment in more than one trial. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court asserted that the constitutional prohibition against double jeopardy "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."

The test adhered to by a majority of jurisdictions and the United States Supreme Court is most aptly stated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), in which the Supreme Court stated that:

Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not . . .

"If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Brown v. Ohio*, supra.

In *Bowen v. State*, 586 P.2d 67 (Okl.Cr. 1978), this Court was presented with an identical fact situation. In *Bowen* we stated:

Applying this test [Blockburger] to the instant case, we can arrive at no other conclusion except to find that escape and larceny of an automobile are not the same offenses. supra at 69.

■ In this case, larceny of an automobile and escaping from prison are two separate and distinct offenses. We find that the State was required to prove an additional fact in the subsequent escape prosecution that was not required to be proven in the offense of larceny of an automobile. Specifically, the State was required to prove that Sutton had left the supervision of the Oklahoma Corrections Department without authorization. This fact was not required to be proven in the larceny of an automobile prosecution and in fact was not proven. Sutton was not subjected to double jeopardy. The conviction of Escaping from Prison should stand.

This appeal could have been avoided. The State should have joined the two informations for trial or the information should have been drawn in two counts, pursuant to 22 O.S.1971, § 438. This procedure, if followed, would reduce the number of trials and the expenses incurred by the State and the defendant. *Dodson v. State*, 562 P.2d 916 (Okl.Cr.1977).

■ Appellant's second assignment of error asserts that the punishment is excessive. The maximum punishment for the offense appellant was convicted is not less than two (2) nor more than seven (7) years' imprisonment. Therefore, appellant's sentence is not excessive. *Bowen v. State*, 586 P.2d 67 (Okl.Cr.1978).

The appellant's conviction in CRF–78–32 is hereby AFFIRMED.

BUSSEY, J., concurs.

BRETT, P. J., specially concurs.

BRETT, Presiding Judge, specially concurring:

I specially concur in the majority opinion for the reason that the appellant waived his jeopardy claim by not moving to consolidate the charges at the outset of this litigation. Instead, he moved for the State to elect which charge to prosecute, and, following his conviction for Larceny of an Automobile, he was tried for the Escape from Prison, at which trial he repeatedly claimed double jeopardy. His theory that the two charges are one and the same is ill-founded.

In *Johnson v. State*, 611 P.2d 1137 (Okl. Cr.1980), this Court held that the claim of double jeopardy had been waived. Charges of murder in the second degree and kidnapping for the purpose of extortion arose out of the same transaction and were brought in separate counties. The appellant successfully maintained a motion for continuance on the murder charges pending the outcome of the kidnapping trial. He raised jeopardy for the first time at the outset of the murder trial, following his conviction of kidnapping. This Court found that, while the appellant could be punished separately for murder in the second degree and kidnapping for the purpose of extortion, both crimes should have been adjudicated in a single trial. The failure of the appellant to seek that remedy resulted in a loss of this right.

In our discussion in *Johnson v. State*, supra, this Court considered the problem of those cases in which there are multiple trials for crimes which are legally distinct but which are part of a single criminal episode or transaction. The opinion reads:

> In dealing with these cases, an appellate court must consider both aspects of double jeopardy ... More than one trial for a single offense and more than one punishment for a single offense. We believe that the protection against multiplicity of *trials* is best advanced by application of the 'same transaction test.' However, the protection against multiplicity of *punishments* is a separate and independent question; and even where the 'same transaction test' mandates a single trial, application of the 'same evidence test' could result in a holding that a defendant could be punished separately for each of the offenses involved .... In taking this course, we do nothing more than elevate the distinct purposes of the Double Jeopardy Doctrine to the equal dignity and reverence each deserves. *Johnson*, supra, at 1144.

Had the appellant sought a consolidation of these charges for purposes of trial, this appeal would have merit.