Ernest Eugene SMITH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–409.

Court of Criminal Appeals of Oklahoma.

April 9, 1982.

Douglas E. Brown, Cheek, Cheek & Cheek, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Criminal Appellate Division, State of Oklahoma, Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

The appellant was convicted of Grand Larceny, After Former Conviction of a Felony. He was sentenced to twenty (20) years' imprisonment.

On December 16, 1978, the appellant, Smith, was observed shopping at the Wal Mart store in Shawnee. Donald Crane, an employee at Wal Mart, watched Smith remove several pocket calculators from the shelf and put them in his jacket. He further observed Smith walk over to the radio counter and put a small digital clock under his jacket. Later, Smith began to walk past the cash registers and attempt to exit through the front doors. Crane followed Smith to the front of the store. Shirey, an off-duty police officer who was working security for the store, was signaled to assist Crane. Both employees converged on Smith at the front door. When Smith saw Officer Shirey he attempted to walk back into the store. Smith was taken outside and later arrested.

The appellant asserts that the two prior convictions used by the State to enhance punishment arose out of the same factual circumstances. He concludes that under Title 21 O.S.Supp.1980, § 51(B), it was improper to introduce evidence of both prior felony convictions. The statute provides:

> Every person who, having been twice convicted of felony offenses, commits a third, or thereafter, felony offense within ten (10) years of the date following the completion of the execution of the sentence, shall be punished by imprisonment in the State Penitentiary for a term of not less than twenty (20) years. *Felony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location* .... 21 O.S.Supp.1981, § 51(B) (emphasis added).

At trial, the appellant admitted to having two prior felony convictions. In 1974, he

was convicted of robbery with firearms. He also pleaded guilty to perjury. This perjury conviction arose out of the testimony given by appellant at his trial on the robbery with firearms charge. He argues that the perjury conviction arose "out of the same transaction, or occurrence or series of events closely related in time and location," and therefore not a proper felony offense for enhancement purposes under 21 O.S.Supp.1981, § 51(B). We disagree.

■ This Court finds that Section 51(B) prevents the use of multiple felony convictions which arise out of the same criminal episode, occurrence, or transaction. The State may under appropriate circumstances[1] charge a defendant with several crimes arising out of a single criminal episode; however, if more than one conviction results therefrom, only one may be used to enhance the punishment under Section 51(B).

■ In this case, we hold that the appellant's perjury conviction did not arise out of the same criminal transaction which gave rise to the robbery with firearms conviction. The appellant's act of perjury was a separate and distinct criminal occurrence, which was neither related in time or location to his criminal act of robbery with firearms. The State properly relied upon the appellant's two prior felony convictions for enhancement purposes under Section 51(B).

■ Smith contends that the trial court erred in requiring him to defend at trial without a preliminary hearing transcript. The record reveals that Smith's preliminary hearing was held on January 3, 1979. He was arraigned on January 31, 1979. On February 5, 1979, the appellant filed a motion for a transcript of the preliminary hearing. The trial commenced on February 8, 1979.

There is no indication in the record that the appellant's request for a transcript was ruled on by the trial court. In *Russell v. State*, 556 P.2d 1041 (Okl.Cr.1976), this

1. See *Sutton v. State*, 634 P.2d 205 (Okl.Cr. 1981), in which this Court held that the separate prosecution of crimes arising out of the same transaction does not necessarily violate double jeopardy standards.

Court asserted, "[i]t is incumbent upon the defendant as the movant to see that his motion was heard; the mere filing of a motion will not by itself guarantee a hearing." The appellant has not shown this Court that the trial court heard his motion for a preliminary hearing transcript.

Additionally, the appellant has wholly failed to show that the non-availability of the transcript at trial resulted in any prejudice. *Wright v. State*, 505 P.2d 507 (Okl.Cr. 1973).

■ Smith next argues that the trial court erred in failing to grant a continuance. It is well established that the trial court is vested with the discretion to determine whether the granting of a continuance is in the best interest of justice. The trial court's ruling will not be disturbed unless it amounts to a total abuse of discretion. *Richards v. State*, 569 P.2d 461 (Okl.Cr. 1977); *see also*, 22 O.S.1971, § 584. In this case, the appellant has not shown any abuse of discretion by the trial court. Secondly, the appellant's failure to file an affidavit in support of his motion for continuance rendered it fatal. *Nichols v. State*, 555 P.2d 70 (Okl.Cr.1976).

Again, we note that defense counsel failed to present any record showing that the trial court heard the motion for a continuance nor is there any record of the trial court ruling on this matter. Therefore, the appellant has failed to properly preserve this issue on appeal.

Smith, lastly, contends that the trial court erred in denying his motion to suppress evidence obtained pursuant to an alleged illegal arrest.

■ The record establishes that on February 5, 1979, a motion to suppress was filed. Unfortunately, defense counsel did not obtain a ruling on the motion to suppress. At trial, the issue of an illegal arrest was not raised. The appellant allowed the introduction of evidence obtained at the time of the arrest without any objection. Therefore, the appellant has effectively waived his right to attack the impropriety of his arrest on appeal. *Webber v. State*,

545 P.2d 795 (Okl.Cr.1975). Notwithstanding the waiver, we find that the State did not abridge any of the appellant's constitutional rights at the time of the arrest.

AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.