R. HUGHES v. STATE.

No. A-9122.   Feb. 19, 1937.
(65 Pac. [2d] 544.)

Eaton & Wheeler, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was by information charged jointly with Lee Randolph of the crime of the larceny of an automobile; a severance was had and the defendant was tried on the information filed against him, convicted and sentenced to serve a term of five years in the state penitentiary for the crime of larceny of an automobile, and appeals.

The testimony on behalf of the state shows that Jack Lloyd lived near the town of Henryetta, Okmulgee county, Okla. The defendant had lived in the city many years and was employed at one of the smelters; on the 5th of June, 1934, the testimony shows Jack Lloyd drove his Chevrolet four-door car to Henryetta, and parked the same in the front of the Piggly-Wiggly store; a short time after he parked his car he went to the drug store, and went back to where he had parked his car for the purpose of removing it to the back of the Veterans' Home; when he returned to where he had parked his car the car had been taken.

At the time of the alleged larceny of the car, the proof shows that Lee Randolph's family was at his father's home near Denning, Franklin county, Ark., Ozark being the county seat; that the defendant R. Hughes' family also lived down near Clarksville, Ark. When the car was missed, it was learned the defendant, Hughes, and Lee Randolph had been in the city and had gone down to Arkansas; the officers communicated with the officers at Ozark, in Franklin county, and later went down to the home of Lee Randolph's father and found the car parked in front of his home. The defendant was also at the Ran-

dolph home, and was placed under arrest with Lee Randolph; the deputy sheriff and other officers returned the defendant, Lee Randolph, his wife, and children back to Henryetta.

There is no controversy in the testimony that the car taken was the car of the prosecuting witness Lloyd. The defendant admits it was Lloyd's car, and admits he and Randolph drove the car from Henryetta to Denning, in Franklin county, Ark., where they were apprehended. The defendant's defense is that he was intoxicated and did not know he had taken the prosecuting witness' car; that his brother owned a car very similar to the car they drove away, and that when they were apprehended at Denning they were ready to start back to Henryetta; they were going to bring the wife and children of Randolph with them, expecting to arrive back home in time for him to return to work the following morning.

The testimony of the defendant is undisputed that they did not drive the car away with the intent to deprive the owner thereof, or in any way whatever injure the car, that he honestly thought they were driving the car of his brother, and did not realize the car was not the brother's car until they drove through a town which he believed was Muskogee; they went on to Arkansas and had been there about five or six hours when apprehended; their intention was to start back in a few minutes to Henryetta, and return the car to the owner when the officers placed him under arrest. That he was sobered up by that time and realized it was not his brother's car, when he discovered it was a four-door car. The foregoing is the substance of the testimony.

The defendant in his petition in error alleges:

"First, that the trial court erred in overruling plaintiff in error's motion for a new trial; second, that the verdict of the jury is not sustained by sufficient evidence; third, for that the verdict of the jury is contrary to the law; fourth, for that the verdict of the jury is contrary to both the law and the evidence."

There are several errors assigned by the defendant, but the only errors we will consider will be the foregoing assignments. In his brief the defendant admits everything alleged by the state except the intent to steal the car. He admits they took the car from where it was parked on the streets of Henryetta, and drove it through the country down to Denning, in Franklin county, Ark., along the public highway, and when they reached Denning they parked the car in front of the house. He did not learn it was a four-door and not his brother's two-door car until the next day. No attempt was made to conceal the car by the defendant.

It is urged by the defendant that at the time the automobile was driven away from Henryetta by Randolph and himself that he was so intoxicated he did not and could not form an intent to drive the car away and deprive the owner of the same. The defendant's testimony is undisputed by the state that when they drove the car away for the purpose of making the trip to Arkansas, he thought it was a car belonging to his brother.

In order for the state to sustain the charge against the defendant, it is necessary for the state to specifically prove that the car was taken with the felonious intent on the part of the takers to deprive the owner thereof permanently, and to convert the same to the takers' own use. Jackson v. State, 22 Okla. Cr. 338, 211 Pac. 1066.

The statutory definition of larceny makes the intent to deprive another of the property taken a particular and essential element constituting the crime, without which it does not exist. As well as upon the uniform classification of larceny by text-writers and courts, as a crime requiring a specific or particular intent. 1 Whart. Cr. Law, pars. 51, 53; 1 McClain Cr. Law, par. 161; Crowell v. State, 6 Okla. Cr. 148, 117 Pac. 883.

Upon a charge of larceny of an automobile, the intent must be felonious and must be to deprive the owner, not temporarily but permanently of the property, and need not be lucri causa.

In Mitchell v. Territory, 7 Okla. 527, 54 Pac. 782, 784, this court stated:

"A taking of personal property with the intent to deprive the owner temporarily of his property, and return the same to him, is not larceny, but is trespass; is not felony, but a misdemeanor. The felonious intent is one of the material ingredients of the crime of larceny, and the burden is on the prosecution to prove this intent to the satisfaction of the jury beyond a reasonable doubt, the same as any other material constituent of the crime." McSpadden v. Territory, 7 Okla. Cr. 228, 122 Pac. 1105.

This court, in Huffman v. State, 24 Okla. Cr. 292, 217 Pac. 1070, 1073, in part stated:

"From an application of the principle that a man is presumed to intend to do that which he does do and also to intend the natural consequences of his acts, juries very naturally and usually do infer, from the acts entering into the crime of larceny and the manner of their commission, the intent to deprive another of the property taken; but this is by no means the necessary inference, for the intent accompanying the acts may be entirely wanting, or in itself an innocent one. For instance, the property may be taken with an intent to return it, or be taken by mistake,

or some intent other than to deprive the owner thereof, in which case larceny has not, of course, been committed. The intent to steal does not follow the act of taking as a legal and conclusive presumption."

If the theory of the defense is true, then the defendant did not commit the crime for which he was convicted. Section 1891, O. S. 1931, provides:

"Any person in this State who shall steal an automobile or other automotive driven vehicle shall be guilty of a felony, and upon conviction shall be punished by confinement in the state penitentiary for a term of not less than five (5) years, nor more than twenty (20) years."

This case is a prosecution under section 1891, O. S. 1931, supra, which is a specific statute on the question of the larceny of an automobile, and in order to sustain a conviction it is necessary that the state prove that the taking and carrying away by the defendant was with felonious intent on his part to deprive the owner thereof permanently, and with the felonious intent to convert the same to his own use.

After a careful reading of the testimony, and considering the acts of the defendant, and the circumstances surrounding the driving away of the car, we hold that the evidence is not sufficient to sustain a conviction of the defendant upon a charge of the larceny of the car with intent to convert the same to his own use and deprive the owner thereof.

For the reasons herein stated, the judgment of the trial court is reversed.

DOYLE and BAREFOOT, JJ., concur.