## MUTT SAFERITE v. STATE.

No. A-9561.  Aug. 31, 1939.

(93 P. 2d 762.)

Leander Hall, of Hominy, and C. K. Templeton, of Pawhuska, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, J. Mutt Saferite was by information jointly charged with one Homer Hayes for larceny of an automobile in the district court of Osage county, Okla., was tried separately, convicted, and sentenced to serve a term of six years in the state reformatory at Granite, and to pay cost of the prosecution. The defendant filed his motion for a new trial, which was overruled, and exceptions saved; and the defendant appeals.

The testimony in this case is very brief.

A. D. Stout drove his car into Barnsdall, Osage county, Okla.; parked the car; left the key in it; went to the hall of the Odd Fellows Lodge to attend a meeting. When he came out, his car was gone.

A. D. Stout stated that he did not authorize any one to drive his car away from where he parked it; that he left the key in his car; that when he next heard of his car was where it had been wrecked on the highway between Barnsdall and Bartlesville, Okla. The wreck occurred about three miles south and west of Bartlesville.

The testimony of the officer and the funeral director, who passed along where the wreck occurred, is that the car was headed towards Barnsdall at the time it was wrecked on a curve in the highway, and went into the ditch.

The defendant in this case was seriously hurt; was taken to the hospital; and did not get out for several days. The defendant testified in his own behalf, and admitted that he and Homer Hayes saw the prosecuting witness, A. D. Stout, go to the lodge room, and that he wanted to go to Bartlesville to try to see his wife, who was working up there at a restaurant. He and Homer Hayes drove the Stout car from Barnsdall to Bartlesville; couldn't find his wife; and drove out a short distance to a dance hall, and inquired of parties there if his wife had been out there. While out at the dance hall, they met Clesson Hogue, and had a few words with him.

Hogue testified to the fact; and after they had a few words with him, the defendant and Homer Hayes went off; and he did not see any more of them. He had known them prior to this time.

Homer Hayes and the defendant both testified that when they failed to find the defendant's wife either at Bartlesville or at the dance hall, they started back to Barnsdall to return the car to where they had found it; that Homer Hayes was driving the car; and at a curve in the road, Hayes lost control of the car, and went into the ditch.

There is no dispute in the testimony that Hayes and the defendant drove the Stout car from Barnsdall to Bartlesville, and out to the dance hall; and then started back on the highway towards Barnsdall; and when about three miles out from the city of Bartlesville, on a curve, with Homer Hayes driving, he lost control of the car and went into the ditch, injuring the defendant and keeping him in the hospital for sometime.

The defendant admits all of the facts proven by the state; and he and Homer Hayes both insist they had no thought of taking the car of the prosecuting witness and depriving him of the use or benefit of it, but they took it only for the purpose of driving to Bartlesville and back, and while on the road returning, the accident occurred; the car was so badly damaged that they were unable to return it to the place where it was parked.

The defendant in his assignment of errors has assigned seven errors committed by the trial court, which he deemed sufficient to reverse the case.

The first assignment of error is: "Said court erred in overruling the motion of plaintiff in error for a new trial."

The motion for a new trial includes all of the assignments that it is necessary for this court to consider; and they will be considered together.

The defendant insists that the verdict in this case is contrary to the evidence, and contrary to the law, and that the court misdirected the jury on matters of law in its instructions Nos. 5, 6, 9, and 13.

It is argued by the defendant with considerable force and merit that the defendant did not take the automobile of the prosecuting witness for the purpose of converting it to his own use, and depriving the owner permanently of its use and value.

He urges that they had only temporarily taken the automobile to drive to Bartlesville and back, and were aiming to return it to the place where it was parked in Barnsdall when they drove it away, and were prevented from doing so only by the fact that they had a wreck before they reached Barnsdall, and could not return the car after it was wrecked.

It is apparent that if the defendant and Homer Hayes had taken the automobile belonging to the prose-

cuting witness at Barnsdall, and drove it away for the purpose of stealing and depriving the owner thereof, they would not have been driving back to the town of Barnsdall from which place they had taken the automobile. The testimony of the defendant and Homer Hayes shows that they were back on their way to Barnsdall to deliver the car to the point where it was parked at Barnsdall when the car went into the ditch; and the testimony of other witnesses who were at the scene of the wreck is that the marks showed that the car was headed towards Barnsdall when it went into the ditch.

This is a prosecution under section 1891, O. S. 1931, 21 Okla. St. Ann. § 1720, which section is as follows:

"Any person in this state who shall steal an automobile or other automotive driven vehicle shall be guilty of a felony, and upon conviction shall be punished by confinement in the state penitentiary for a term of not less than five (5) years, nor more than twenty (20) years."

In order for the state to sustain the charge against the defendant, it is necessary for the state to specifically prove that the car was taken with felonious intent on the part of the taker to deprive the owner thereof permanently, and to convert the same to the taker's own use. Jackson v. State, 22 Okla. Cr. 338, 211 P. 1056.

The definition of larceny, under which this defendant is charged, makes the intent to deprive another of the property taken a particular and essential element, constituting the crime, without which it does not exist.

Upon a charge of larceny of an automobile, the intent must be felonious, and must be to deprive the owner not temporarily, but permanently, of the property.

In Mitchell et al. v. Territory of Oklahoma, 7 Okla. 527, 54 P. 782, the court in the fourth paragraph of the syllabus said in part: Any taking of personal property with the intent to temporarily deprive the owner thereof,

and then return the same, does not constitute larceny, but is a trespass. In order to constitute a felonious intent, the taking must be to permanently deprive the owner of the property.

The state in its brief has cited a number of authorities contending that the evidence is sufficient to show the defendant was guilty of the larceny of an automobile if he moved it from the place where it was located to another place; and insists that the testimony in this case is sufficient to sustain the conviction. With this contention we cannot agree. We have examined carefully the authorities cited by the state; and in each of the cases cited, they show that the car taken was never returned, nor was there any contention of the taker that it would be returned; but the cars were found in another and different place without any suggestion that they were only taken for a temporary purpose, and then to be returned.

In White et al. v. State, 13 Okla. Cr. 76, 162 P. 232, in the first paragraph of the syllabus, this court stated:

"While it is well settled that this court will not disturb the verdict on account of the insufficiency of evidence when there is evidence to support it, the converse rule is equally well settled that it is not only the province, but the duty, of the court to set aside such a verdict when it is contrary to the evidence, or where there is no evidence to support it. The performance of this duty on the part of the court is the exercise of legal discretion and judgment as to the sufficiency of the evidence to overcome the legal presumption of innocence, to which every one is entitled who is put upon trial for an offense."

In Cude v. State, 42 Okla. Cr. 357, 276 P. 240, in the first paragraph of the syllabus, this court stated:

"To sustain a conviction, it should appear not only that the offense was committed, but the evidence inculpating the defendant should do so to a degree of certainty, transcending mere probability or strong suspicion."

The defendant in this case committed a wrong by driving the prosecuting witness' car away from where it was parked, and was guilty of trespass.

Following the ruling of this court in Hughes v. State, 61 Okla. Cr. 40, 65 P. 2d 544, and the cases therein cited, we hold the evidence is insufficient to sustain the conviction of larceny in the information.

The judgment of the trial court is reversed, with directions to dismiss.

It appears from the record that the defendant was unable to give bond pending the determination of his appeal, and was taken to the penitentiary. It is therefore ordered that the clerk of this court forthwith forward to Jess F. Dunn, warden of the state penitentiary at McAlester, a duly certified copy of this order, and upon receipt of same said warden is hereby directed to discharge said defendant from custody.

DOYLE, P. J., and BAREFOOT, J., concur.