John WATKINS and Johnny Watkins,
Plaintiffs in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12804.

Court of Criminal Appeals of Oklahoma.

April 6, 1960.

318 ■

Shoemake & Briggs, Pawhuska, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Patrick A. Williams, County Atty., Osage County, Pawhuska, for defendant in error.

BRETT, Judge.

This is an appeal by John Watkins, father, and Johnny Watkins, son, as plaintiffs in error, defendants below, from a judgment and sentence rendered against them in the District Court of Osage County, Oklahoma. They were jointly charged by information with the crime of larceny of a heifer calf on July 31, 1958, in violation of the provisions of 21 O.S.1951 § 1716. They were tried by a jury and convicted. The jury being unable to agree on the punishment, the assessment thereof was left to the trial judge who fixed the same at three years in the state penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The defendants first contend that the evidence is not sufficient to sustain the conviction. The facts presented are in sharp conflict. The state's case was substantially to the effect that the suckling heifer calf was owned by the Silver Lake Ranches, Inc., and was in the custody and control of John Morledge, as manager of the ranch and stock thereof. The theft of the calf became known by the bawling of the mother cow. A search for the calf on the defendants' adjacent pasture disclosed the location of the slaughtering place of the same. The head, hide, feet, and entrails being discovered in a somewhat isolated place near a creek, almost inaccessable to motor vehicles, except for trucks. (The younger defendant testified that he did not drive his car into the area "because the road was too rough" but the carcass was removed by means of a pick-up truck.) The state's case further disclosed the calf's ears were found some distance from the head, hide, etc. One ear, the left, was found about thirty feet away from the butchering place in an old brush pile. That ear had the mark of what is called an "under seven" on it, the same being the mark of the Silver Lake Ranches. The hide and marked ear was identified as that of the Silver Lakes animal. The butchered carcass, after investigation, was discovered to have been delivered to a storage plant in Pawhuska, Oklahoma, by Johnny Watkins, on the afternoon of July 31, 1958, the day of the disappearance of the calf from the Silver Lakes Ranch pasture. One-half of the carcass was stored in the name of John Watkins and the other half in the name of Johnny Watkins.

The defendants admitted that they butchered the calf at the time and place as proved, but contended it was their calf. They asserted that it had been purchased from the sale ring in Hominy, Oklahoma, on September 27, 1957, for $14.50 and belonged to them. This calf, they related, had been consigned for sale by a Mr. Bascus. They explained that the calf they bought had no ear mark and that they had ear-marked the calf with an "under four" similar in appearance to the "under seven" marking of Silver Lake Ranches. This defense progressed beautifully until Mr. Bascus testified in rebuttal that the calf he delivered to the sale ring had a cropped ear (a half-moon cut out of the end of the ear) marking, and the calf ear presented as state's exhibit 5 with the "under seven" marking on it was not the ear from that calf. The defendants testified that they cut off the ears because of sanitation, that the blood would not get on the meat if the ears were removed and made a cleaner job of butchering. If cleanliness had been the object, the animal could have been loaded in the truck alive, taken to a sanitary place for butchering, instead of out in the open on the ground. Leaves and dirt were on the carcass when it was stored. Throwing

away the ears, especially the marked one, did not improve the situation.

■■ This state of the record presented a question of fact for the sole determination of the jury, which will not be disturbed on appeal where there is any evidence reasonably tending to support the verdict. It is our opinion that this evidence is amply sufficient to so do. Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479.

The defendants contend that the evidence was insufficient to establish that they did not own the calf, and also failed to establish criminal intent on their part. On sufficient evidence the jury found these issues against the defendants. This finding was based upon proper instructions covering these elements of the offense charged. In support of this contention the defendants cite Sneed v. State, 61 Okl.Cr. 96, 65 P.2d 1245. But, that case is not in point with this, because the same was reversed for failure to instruct on the foregoing elements. Therein, it was said that the cause was submitted to the jury on an erroneous theory of the law. That is not the situation in the case at bar. Here, the jury, under proper instructions have found the issue of ownership, and criminal intent against the defendants.

The defendants further cite in support of their position, Linde v. State, 61 Okl. Cr. 136, 66 P.2d 527, wherein the court said that the property therein involved was taken under fair color of title, and criminal intent was lacking. Such is true in both Lansdale v. State, 45 Okl.Cr. 123, 282 P. 170, and Lockhart v. State, 10 Okl.Cr. 582, 139 P. 1156, 1158. We cannot find in this record such is the case, because the evidence is sufficient to support the jury's finding that this property was taken with criminal intent. Stanley v. State, 61 Okl.Cr. 382, 69 P.2d 398, is similarly distinguishable on a factual basis. So also is Hughes v. State, 61 Okl.Cr. 40, 65 P.2d 544.

The claim of color of ownership in the case at bar is entirely lacking in substance. Mr. Bascus' testimony strips it of the elements of truth. The time, place, and conditions of the slaughter, and the vain attempt to hide the marked ear all show bad faith in the entire transaction. The defendants had an automobile and a truck available on this hot summer's day. It would have suited their purposes much better, in the absence of guilt, to have trucked this calf to an appropriate slaughtering place. Such conduct would have inspired confidence in their claim of ownership. These things no doubt strongly influenced the jury. If a round-up of the victim's cattle had not been in progress shortly after the larceny and slaughter of this calf, the crime might well not have been discovered.

■ The case of Knight v. State, 73 Okl.Cr. 107, 118 P.2d 255, 256, relied on by the defendants is not controlling herein, for the reason it is apparent that case was reversed on the proposition:

"Where there is evidence tending to explain the possession of recently stolen property by the defendant, the trial judge should give an instruction covering this theory of defense. Such theory is not covered by an instruction relating wholly to inferences of fact arising from unexplained possession."

Such is not the situation in the case at bar for herein the court gave adequate instructions covering the defendants' theory of defense. This comment applies with equal force to the cases of Jackson v. State, 22 Okl.Cr. 338, 211 P. 1066, and, McSpadden v. Territory, 7 Okl.Cr. 228, 122 P. 1105, which were reversed for failure to instruct on the defendant's theory of his defense.

■■ The defendant contends that the trial court erred in instructing on the inferences that arise from possession of recently stolen property and thereby placed the burden on them of establishing an explanation for that possession was upon them. The theory of their defense was lawful ownership by purchase from a third party, hence, the burden of establishing the defense was theirs to carry forward. Under the conditions herein involved, it was

proper for the trial court to instruct the jury both on the inferences arising from possession of recently stolen property and on the theory of the defendants' defense.

■ The instructions in this case are in substantial conformity to those of Cawley v. State, 96 Okl.Cr. 53, 24 P.2d 273; Hall v. State, Okl.Cr., 316 P.2d 620; and Patton v. State, 54 Okl.Cr. 393, 22 P.2d 116. In the Patton case this Court announced the rule:

> "Where the accused has possession of recently stolen property and attempts to explain its possession, the burden of proving the truthfulness of his possession is on him, and even though it may be reasonable, is a question of fact for the jury."

Such is the defendants' situation in the case at bar. The jury did not believe the defendants' defense to the prosecution.

■ The defendants finally contend that the trial court erred in not giving an instruction on circumstantial evidence. The evidence herein was both direct and circumstantial. It has been repeatedly held that where the state's evidence is not entirely circumstantial, it is not necessary to give an instruction on circumstantial evidence. Zeligson v. State, 43 Okl.Cr. 24, 276 P. 791; Turvey v. State, 95 Okl.Cr. 418, 247 P.2d 304.

This conviction is accordingly affirmed.

POWELL, P. J., and NIX, J., concur.