Bobby Leonard **DUTTON**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15320.

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1971.

Carroll Samara, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Donald E. Herrold, Jack S. Pratt, Asst. Attys. Gen., for defendant in error.

## OPINION

BRETT, Judge.

Plaintiff in error, Bobby Leonard Dutton, hereinafter referred as defendant, was charged and convicted in the District Court of Oklahoma County for the crime of Larceny of an Automobile; the minimum sentence of three (3) years imprisonment was imposed on November 22, 1968; and from that Judgment and Sentence this appeal has been perfected. Judgment and Sentence is affirmed.

Defendant was charged with having taken without permission the 1967 Pontiac, Grand Prix Automobile, belonging to Mr. B. J. Anderson. The vehicle was stolen from the Oklahoma City Police Department parking area. When the police officer located the vehicle, the defendant initially stated to him that the vehicle belonged to him; and he had earlier informed his mother that the vehicle belonged to him. Later, when being questioned by the authorities, defendant admitted that he took the vehicle without permission; he told them where he had driven it; and related from the witness stand that he remembered driving to the various places related by the police officers, who testified concerning his statements to them. Defendant relied on the defense of insanity, and produced testimony concerning his being confined at the Central State Hospital at Norman, Oklahoma.

In this appeal defendant asserts that the evidence is not sufficient to sustain the verdict; that the verdict is contrary to the law and the evidence; and that the trial court erred in not directing a verdict of acquittal by reason of defendant's insanity.

Title 21 O.S.1961, Section 1720, defines the limits of punishment for the crime of Larceny of an Automobile, as being not less than three (3) years nor more than twenty (20) years imprisonment.

The facts of this case reveal that the defendant did take the Pontiac vehicle without permission; that he drove it around the City of Oklahoma City; that he parked it in front of his own home; informed his friend and his mother that the vehicle was his; and when approached by the police officer, informed him also that the vehicle was his car. The elements of the crime of larceny are: the unlawful taking or asportation of another person's property, and a felonious intent to permanently deprive the lawful owner of his property. See: Saferite v. State, 67 Okl. Cr. 229, 93 P.2d 762 (1939); and, Hughes v. State, 61 Okl.Cr. 40, 65 P.2d 544 (1937).

The first element of the crime was admitted by the defendant, as well as being proved otherwise. The element of intent became a question for the jury to determine from all the facts and evidence provided. There was no showing on the part of the defendant that he took any steps whatsoever to return the vehicle to its

rightful owner. Instead, the defendant continued to assert the vehicle was his own, until he was confronted with the truth. We have examined the instructions to the jury and find that they were proper; and that the question of intent was properly presented to the jury. The jury found that requirement adversely to defendant, and we believe properly so. We therefore conclude that the evidence was sufficient to sustain the jury's verdict; and that the evidence is not contrary to the law and the evidence presented.

■ After reviewing the record before this Court, we conclude that the defendant did not meet the burden of proof to overcome the presumption of sanity and his ability to distinguish right from wrong, as provided in Whisenhunt v. State, Okl.Cr., 279 P.2d 366 (1954). It is defendant's contention that he could not remember taking the automobile, but the record reflects that he could remember where he went, who he saw, and generally what he did during the period of time involved. The jury heard all the testimony offered, including that of the medical specialist into psychiatry; and after being properly instructed by the trial court, the jury resolved the question of his sanity adversely to defendant. See: Doublehead v. State, 27 Okl.Cr. 375, 228 P. 170 (1924), wherein this Court held in similar circumstances that the jury's verdict will not be disturbed when defendant fails to present sufficient evidence to overcome the presumption of sanity. See also: Snodgrass v. State, 15 Okl.Cr. 117, 175 P. 129 (1918).

We are therefore of the opinion that the Judgment and Sentence in District Court of Oklahoma County, Case No. 34415, wherein defendant was sentenced to serve three (3) years imprisonment should be, and the same is therefore, affirmed.

BUSSEY, P. J., and NIX, J., concur.