David Paul HAMMER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–429.

Court of Criminal Appeals of Oklahoma.

Oct. 26, 1983.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpin, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

David Paul Hammer was convicted in the District Court of Cleveland County of the offenses of Larceny of an Automobile, AFCF and Robbery by Fear, AFCF and received sentences of twenty (20) years on each to run concurrently.

These offenses were committed subsequent to appellant's escape from the Joseph Harp Correctional Center at Lexington, Oklahoma.

I

Appellant asserts that under Title 21 O.S. 1981, § 51(B), utilization of two prior convictions arising from the same criminal episode is improper punishment enhancement. That statute provides:

Every person who, having been twice convicted of felony offenses, commits a third, or thereafter, felony offense within ten (10) years of the date following the completion of the execution of the sentence, shall be punished by imprisonment in the State Penitentiary for a term of not less than twenty (20) years. *Felony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location.* (emphasis added).

At trial the appellant admitted having convictions for Pointing a Weapon at Another, AFCF, and Kidnapping, AFCF. His testimony also established that those convictions were the result of a single incident.

The convictions were the result of an incident that occurred at Baptist Hospital in Oklahoma City in January, 1978. The informations were consecutively numbered, tried together, and the sentences on each conviction were to run concurrently.

The State may under appropriate circumstances[1] charge a defendant with several crimes arising out of a single criminal episode. However, if multiple convictions result therefrom, under Section 51(B), only one may be used to enhance punishment. The statute prevents the use of multiple felony convictions which arise out of the same criminal occurrence or transaction. *Smith v. State,* 644 P.2d 106 (Okl.Cr.1982).

■ We hold that the convictions in question because of their relation to each other in time and location arose out of the same criminal transaction. The State therefore, improperly relied upon the appellant's two prior felony convictions for enhancement purposes under Section 51(B). This error requires modification of his sentence.

II

■ When an appellant challenges the sufficiency of evidence presented at trial, the function of this Court is to determine whether the State presented a prima facie case. If so, then all questions of fact were properly submitted to the jury. *Hunt v. State,* 601 P.2d 464 (Okl.Cr.1979).

■ The appellant concedes establishment of the prima facie case, but maintains that the evidence of intent to permanently deprive the owner of her auto was insufficient. The State's presentation of a prima facie case causes this assignment of error to be without merit. *Van Buskirk v. State,* 611 P.2d 271 (Okl.Cr.1980).

III

The third, fourth, and fifth assignments of error may be treated together. All relate to instructions either requested or submitted at trial.

Appellant maintains that the trial court committed reversible error in refusing his requested instructions on his theories of defense to the charges of larceny of an automobile[2] and robbery.[3]

---

1. Separate prosecution of crimes arising out of the same transaction does not necessarily violate the double jeopardy standards. See *Sutton v. State,* 634 P.2d 205 (Okl.Cr.1981).

2. DEFENDANT'S REQUESTED INSTRUCTION NUMBER 10

You are instructed that the statutes of the State of Oklahoma provide:
In a prosecution for the offense of larceny, the felonious intent upon the part of the defendant to take the property and permanently deprive the owner thereof and to convert the property taken to the defendant's own use, as alleged in the information, is an essential ingredient of the crime charged and a material fact which must be proved to your satisfaction by legal and competent evidence beyond a reasonable doubt before you can convict the defendant. Such intent, however, is a question of fact to be determined by the jury from all the facts and circumstances in evidence before you.

It is well settled that instructions given to the jury are left to the sound discretion of the trial court. This Court will not reverse a jury conviction where the instructions viewed as a whole, fairly and accurately state the applicable law in conformity with constitutional mandates. *Green v. State,* 611 P.2d 262 (Okl.Cr.1980). The trial court's instructions adequately advised the jury of each element of larceny as well as the elements of robbery by fear. They accurately state the applicable law and are constitutionally sound. We find no abuse of discretion.

The appellant further maintains that the trial court's failure to instruct on the lesser included offenses in each instance was error. The submission of instructions to the jury is based on whether such instructions are warranted by the evidence presented. *Irvin v. State,* 617 P.2d 588 (Okl.Cr.1980). We find no affirmative evidence showing unauthorized use of a motor vehicle and joy riding or second-degree robbery. Since there is no evidence to support included offenses of larceny or of a lower degree of robbery, it is not only unnecessary to instruct thereon, but the trial court has no right to ask the jury to consider these issues. *Jones v. State,* 12 Okl.Cr. 255, 154 P. 689 (1916).

The range of punishment of unenhanced larceny of an automobile is imprisonment for not less than three (3) years nor more than twenty (20) years, 21 O.S.1981, § 1720; the punishment for unenhanced robbery by fear is imprisonment for not less than ten (10) years, 21 O.S.1981, § 798. Exercising our authority under 22 O.S.1981, § 1066; *Pearce v. State,* 456 P.2d 630 (Okl.Cr.1969); and based upon a thorough review of the record, we find that each sentence should be modified from 20 years to 10 years to run concurrently, the minimum punishment provided with one prior conviction. As modified, the judgments and sentences are AFFIRMED.

BUSSEY, P.J., and BRETT, J., concur.

C.A. REAVES, Claimant,

v.

UNIROYAL TIRE COMPANY, Employer,

and

Own Risk, Insurance Carrier.

No. 59317.

Court of Appeals of Oklahoma, Division No. 1.

March 1, 1983.

Rehearing Denied March 14, 1983.

Released for Publication by Order of Court of Appeals April 22, 1983.

King, Roberts & Beeler by K. David Roberts, Oklahoma City, for claimant.

Wallace, Bickford, Pasley & Farabough by Harry L. Bickford, Ardmore, for employer and insurance carrier.

---

**3. DEFENDANT'S REQUESTED INSTRUCTION NUMBER 9**

You are instructed that the statutes of the State of Oklahoma provide:

The fear which constitutes robbery may be either:

First: The fear of an unlawful injury, immediate or future, to the person or property of the person robbed, or of any relative of his, or member of his family; or

Second: The fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed, at the time of the robbery.