**Ronald Joe MILLER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–688.**

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1984.

E. Alvin Schay, Appellate Public Defender, Ezellmo Opio Toure, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant Ronald Joe Miller was tried before a jury in the District Court of Carter County, Oklahoma and convicted of Assault with a Dangerous Weapon, After Former Conviction of Two or More Felonies. He was sentenced to fifty years' imprisonment, and appeals.

On the 16th day of November, 1981, Carter County Deputy Sheriff Bill Malone and Auxiliary Deputy Charles Springfield had a warrant for the appellant's arrest. They were also searching for him in connection with a stolen van. The two officers located the van parked at a rural Carter County trailer home. As they approached the trailer, they were met by the owner of the trailer, Buck Prewitt, who informed them that the appellant was not present.

Deputies Malone and Springfield nonetheless followed Prewitt into the trailer. Immediately upon entering the trailer, Prewitt jumped into another room, and Deputy Malone turned to find himself facing the appellant. The appellant was crouched in a corner of a bedroom. He pointed a .357 Magnum pistol at the officer.

Prewitt's wife, Charlene Prewitt attempted to wrestle the gun away from the appellant, giving Deputy Malone the chance to retreat from the trailer and join Auxiliary Deputy Springfield behind the van. Mr. and Mrs. Prewitt remained inside the trailer for some period of time, attempting to persuade the appellant to give himself up. They were unsuccessful, and after a time, left the trailer. Additional officers were summoned. The appellant surrendered approximately two hours later.

██ In his first assignment of error, the appellant argues that the trial court erred in refusing to give an instruction on circumstantial evidence, as requested. When the State's evidence is not entirely circumstantial, it is not necessary to instruct on circumstantial evidence. *Watkins v. State*, 351 P.2d 317 (Okl.Cr.1960). Direct evidence of the appellant's crime consisted of the testimony of Deputy Malone, who stated that as he entered the trailer, the appellant's motions attracted his attention, and he found himself "looking right down the barrel of the gun" the appellant was holding. He further testified the appellant told him to get out of the trailer or the appellant would kill him. The trial court did not abuse its discretion by refusing to give the instruction. *Watkins, supra.*

██ Secondly, the appellant complains of remarks made by the prosecutor during closing arguments in the second stage of his trial. No objections were made at trial to the comments, and the motion for new trial is likewise silent on the matter. Thus, all error, excepting that of fundamental statute, has been waived for appellate review. *Langdell v. State*, 657 P.2d 162 (Okl.Cr.1982). We find no such error.

We find the circumstances underlying the appellant's third assignment of error to require modification of his sentence.

During the punishment stage of the appellant's bifurcated trial, the State offered into evidence four of his prior felony convictions. The appellant testified that three of those convictions resulted from one event.[1] The copies of the judgments and sentences introduced by the State tended to substantiate his testimony.[2]

██ According to the terms of 21 O.S. 1981, § 51(B), when proving a defendant has two or more prior felony convictions for the purpose of enhancing punishment, the "[f]elony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location." See also, *Smith v. State*, 644 P.2d 106 (Okl.Cr.1982). Although the appellant's attorney did not specifically object to the introduction of the three Oklahoma County convictions on the basis of the above provision, he attempted to accomplish the same end through the appellant's testimony. Thus, the record affirmatively shows substantial compliance with the terms of Section 51(B). We are convinced that the State should have been limited to the introduction of the Carter County burglary conviction, and one of the Oklahoma County convictions arising from the single event.[3]

In view of the evidence presented at both stages of the trial, we cannot deem the error harmless. The prosecutor based his argument for a long prison term solely on the number of prior convictions. The jury's verdict in the second stage was "Guilty of Assault with a Dangerous Weapon, After Four Former Felony Convictions." We find the resulting prejudice to the appellant reflected in the fifty year

---

1. The convictions were for Assault and Battery With a Dangerous Weapon, Assault and Battery With a Deadly Weapon With Intent to Kill, and Larceny of an Automobile. The appellant testified that the charges arose from an attempted repossession of a car he had bought. A fight ensued, which resulted in the appellant wounding two men with a knife.

2. The guilty pleas were all entered on the 22nd day of June, 1979, in the District Court of Oklahoma County, before the Honorable Jack R. Parr. The cases had sequential docket numbers, and the appellant was represented by the same two attorneys in all three. The sentences he received in each were designated to run concurrent with one another.

3. In *Bickerstaff v. State*, 669 P.2d 778 (Okl.Cr. 1983), we held that the issue of whether a defendant's prior felony convictions arose out of the same transaction or occurrence or series of events, closely related in time and location under Section 51(B) constitutes an affirmative defense which must be raised by the defendant at trial. We would emphasize that the issue is one of admissibility of evidence as a matter of law. It should therefore be resolved outside of the presence of the jury prior to the reading of the portion of the information which alleges the multiple convictions.

sentence imposed, and modify it to twenty years' imprisonment.

The judgment of guilt is AFFIRMED, and the sentence MODIFIED as herein set forth.

CORNISH and BRETT, JJ., concur.