**Alex Ralph CARDENAS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–165.**

Court of Criminal Appeals of Oklahoma.

Feb. 11, 1985.

Mark Barrett, Sp. Counsel, Appellate Public Defender System, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Alan B. Foster, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Alex Ralph Cardenas was convicted of Robbery with Firearms, After Two Former Felony Convictions, and was sentenced to twenty (20) years in prison. On appeal, we modify and affirm.

As his first assignment of error, appellant contends that the trial court erred in failing, on his own motion, to instruct the jury on the defense of duress. This contention is without merit. The only evidence tending to support such a theory was his statements after his arrest that he was afraid to offer evidence against a purported accomplice, Jesse Hill. Reluctance to "snitch" on a partner in crime is a far cry from a positive assertion that the crime was committed under the compulsion of the partner. Where the evidence at trial does not support a theory of defense, instructions on the theory need not be given. *Foster v. State*, 657 P.2d 166 (Okl.Cr.1983).

Appellant next contends that he was improperly denied access to a law library. Appellant, who proceeded pro se, asserts that such access was necessary to the preparation of his defense. This contention is unavailing. His request at trial for such access was based upon a desire to prepare a motion limiting the testimony of certain witnesses. The judge denied the request when the prosecutor indicated that he did not intend to call the particular witnesses. Appellant reurged his request at the close of the State's case. The judge denied the renewed application, noting that standby counsel had been appointed, and that he stood ready to assist the defendant.

While a defendant proceeding pro se has the right to make a defense, which right reasonably encompasses "access to law li-

braries or alternative sources of legal knowledge," that right was not denied appellant; "[r]ather, he had the functional equivalent of a law library in the form of 'standby' counsel." See *People v. Rice*, 40 Colo.App. 357, 579 P.2d 647, 650 (1978), cert. den., 439 U.S. 898, 99 S.Ct. 261, 58 L.Ed.2d 245 (accused only allowed 45 minutes in library).

■ Appellant's third assignment of error is that the trial court erred in allowing the State to use evidence of an apparent robbery attempt earlier the same day. We assume arguendo that this evidence was not admissible. Cf. *Young v. State*, 446 P.2d 79 (Okl.Cr.1968). However, we are unable to determine wherein appellant was prejudiced. Appellant repeatedly informed the jury that he committed the crime charged against him, and the jury assessed the minimum sentence. We are unable to discern that appellant's theory of duress was prejudiced by the evidence. Accordingly, we find that the error, if any, was harmless.

Appellant's next assignment of error relates to the preceding one, i.e., that the admission of the other crimes evidence violated the guidelines of *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). However, in view of the disposition of the earlier assignment of error, this one is also without merit.

■ Appellant further contends that the judge erred in excluding the preliminary hearing testimony of a defense witness. This contention is without merit. Appellant has failed to include the transcript of the witness' preliminary hearing testimony in the record on appeal. It is the appellant's burden to include enough of the record on appeal to permit the review of alleged error. *Martinez v. State*, 569 P.2d 497 (Okl.Cr.1977). Moreover, the admission of the hearsay evidence of the prior testimony would not be proper in the absence of proof of the witness' unavailability. See 12 O.S.1981, § 2804(A), (B)(1). Appellant failed to show that the witness was unavailable in the required sense.

■ Appellant's sixth assignment of error is that he was denied the effective assistance of counsel due to counsel's failure to subpoena witnesses and investigate a defense prior to his discharge before trial. This contention is not properly before us at this time. The record does not permit us to decide whether counsel was derelict in the failure to issue subpoenas, or was chargeable with a failure to investigate the case. The appellant has the responsibility to provide sufficient support from the record in order to allow appellate review of alleged insufficient assistance of counsel. See *Frederick v. State*, 667 P.2d 988 (Okl.Cr.1983).

■ Appellant next contends that the judge erred in refusing to appoint an investigator for the defense at State expense. However, we adhere to our previous position that the State is under no obligation to appoint investigators for the defense at State expense. See *Irvin v. State*, 617 P.2d 588 (Okl.Cr.1980).

■ As his eighth assignment of error, appellant argues that the State improperly supported its claim that appellant was a multiple habitual offender under 21 O.S. 1981, § 51(B) with prior convictions arising out of the same criminal transaction. This contention is well taken. Section 51(B), which prescribes the penalty for those who commit a third felony offense after having been twice convicted of felony offenses, contains the caveat that

[f]elony offenses relied upon shall not have arisen out of the same transaction or occurrence *or series of events closely related in time and location.* (Emphasis added.)

According to the informations pertaining to the two prior convictions relied upon by the State, which instruments were considered by the court in ruling upon the admissibility of the prior convictions, the offenses occurred on the same day, and at the same location. The conclusion is inescapable, on the record before us, that the offenses were a "series of events closely related in time and location," and that only one could be used for enhancement. Ac-

cordingly, the sentence must be modified to the minimum allowable for one prior conviction. See *Hammer v. State,* 671 P.2d 677 (Okl.Cr.1983).

■ Finally, appellant contends that the evidence in the second stage was insufficient to support the habitual offender charge. However, the evidence, which included certified copies of the judgments and sentences bearing a name similar to appellant's, i.e., "Alex R. Cardenas," constituted a prima facie case, see *Davis v. State,* 634 P.2d 752 (Okl.Cr.1981), and satisfied the general test for the sufficiency of the evidence on appeal. See generally *Renfro v. State,* 607 P.2d 703 (Okl.Cr.1980).

In conclusion, the sentence must be modified from twenty (20) years in prison to ten (10) years in prison, the minimum upon conviction of a felony after former conviction of a single felony, see 21 O.S.1981, § 51(A)(1), and as so MODIFIED, the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.