Richard Stanley CRAWFORD,
Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–322.

Court of Criminal Appeals of Oklahoma.

Dec. 8, 1988.

Scott W. Braden, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Lilas R. Lyman, II, Legal Intern, State of Okl., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Richard Stanley Crawford, was convicted in the District Court of Custer County, Case No. CRF–84–110, of Carrying a Firearm, After Former Conviction of a Felony, in violation of 21 O.S. Supp.1987, § 1283. He was sentenced to imprisonment for ten (10) years and he brings this appeal.

The record shows that an armed robbery was reported near Weatherford, Oklahoma on March 9, 1984. A vehicle reportedly used in the robbery was seen shortly thereafter in Clinton, Oklahoma. Several law enforcement officers went to Clinton to apprehend suspects. One officer testified that he saw appellant get out of the vehicle, walk to a phone booth, and pull a pistol from his belt. Another officer testified that he saw appellant holding something that appeared to be a gun. When appellant was arrested, a .38 caliber handgun was found in the phone booth.

■ In his first assignment, appellant seeks reversal because one of the jurors in his case had been convicted of a felony. Such persons are precluded from serving on juries in this State by 38 O.S.1981, § 28(B)(6), unless they have been fully restored to their civil rights. The juror in question in this case was not qualified to serve. However, 38 O.S.1981, § 29 provides in part,

> A substantial compliance with the provisions of this chapter, shall be sufficient to prevent the setting aside of any verdict rendered by a jury chosen hereunder, unless the irregularity in drawing, and summoning or impaneling the same, resulted in depriving a party litigant of some substantial right; provided, however, that *such irregularity must be specifically presented to the court at or before the time the jury is sworn to try the cause.*

(Emphasis added.) The irregularity was not presented to the court prior to the jury being sworn. Nor has appellant demonstrated that he has suffered prejudice in any way, and no reversible error occurred.

■ Appellant claims that his failure to present the irregularity before the jury was sworn should not bar relief in this case because he was unaware of the juror's disqualification until after trial. However, it is well settled that a defendant must exercise reasonable diligence to discover disqualifications of jurors. *See Perkins v. State*, 695 P.2d 1364, 1368 (Okla.Crim.App. 1985). No transcript of voir dire has been presented to this Court, and nothing in the record indicates reasonable diligence to discover the disqualification of the juror prior to trial in this case. This assignment must fail.

■ In his remaining assignment, appellant seeks reversal because the State failed to reveal exculpatory evidence. Prior to trial, the State ran a trace on the gun retrieved from the phone booth. The trace showed the last registered owner to be a corporation located in Brazil. Although the State must disclose evidence favorable to an accused upon a proper request, *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), "a constitutional error occurs, and the conviction must be reversed, only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial." *United States v. Bagley*, 473 U.S. 667, 678, 105 S.Ct. 3375, 3381, 87 L.Ed.2d 481 (1985). Assuming that a proper request had been made, the State's failure to reveal ownership of the gun does not undermine our confidence in the outcome of the trial. The statute under which appellant was convicted does not require any proof of ownership of a firearm. It is sufficient that two officers saw appellant in possession of a firearm and that a firearm was recovered at the place where appellant was apprehended. Error, if any, was harmless, and this assignment must fail.

Finding no basis for reversal or modification, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in results.

PARKS, Judge, concurring in result:

I write only to address appellant's proposition regarding the improper juror. Unlike the majority, I see no need to reach the question of due diligence insofar as this Court cannot review the voir dire transcript. Because the transcript of voir dire was not included in the records presented on appeal, this Court cannot review appellant's assignment. The burden rests with appellant to include all necessary records and transcripts for review. *Cardenas v. State*, 695 P.2d 876, 878 (Okla.Crim.App. 1985). Accordingly, the assignment must fail.