**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CECIL EDWARD WOOD,

      Petitioner-Appellant,

v.

STEVE HARGETT,

      Respondent-Appellee.

No. 99-6283
(D.C. No. 97-CV-754)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **PORFILIO** , and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Cecil Edward Wood appeals from the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court did not hold an evidentiary hearing, so our review of its decision is de novo. *See Miller v. Champion*, 161 F.3d 1249, 1254 (10th Cir.1998). We conclude that petitioner has raised a substantial claim that his trial counsel provided constitutionally ineffective assistance by failing to challenge the number of prior convictions the jury could consider in imposing his sentence. We therefore remand the case for an evidentiary hearing on this issue.

Petitioner was convicted in Oklahoma state court in 1992 of second degree burglary after former conviction of two or more felonies. He was sentenced to fifty years in prison. His conviction and sentence were affirmed on appeal, and his request for post-conviction relief in state court was denied. In May 1997, he filed this habeas petition challenging his conviction and sentence on a variety of grounds. Adopting the magistrate judge's report and recommendation, the district court determined that petitioner had not stated any valid bases for relief and denied the petition.

Petitioner filed a request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) on many of the issues he raised in the district court. We granted his request on the following two specific issues: (1) whether trial counsel provided constitutionally ineffective assistance by failing to challenge, as related

-2-

under Okla. Stat. tit. 21, § 51B, the three convictions listed under case number CR-281-391F from McDonald County, Missouri, on the second page of the information filed against petitioner; and (2) whether appellate counsel provided constitutionally ineffective assistance by failing to raise on direct appeal the issue of alleged trial counsel ineffectiveness described above.[1] Respondent contends that petitioner has waived the latter issue by failing to raise it in the district court. He further contends that the district court correctly rejected the first issue on the merits. Because we resolve the appeal on the basis of trial counsel's performance, we need not address whether petitioner has waived the latter issue regarding appellate counsel's performance.

To establish constitutionally ineffective assistance of counsel, petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that counsel's substandard performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984). To meet the

---

[1] Petitioner also requested a certificate of appealability on the following issues: (1) other types of ineffective assistance by trial and appellate counsel; (2) insufficient evidence to support his conviction; (3) improper introduction of other crimes evidence; (4) impermissibly suggestive pretrial photo lineup; and (5) prosecutorial misconduct. The district court held that the second and fifth issues were procedurally barred, and that the remaining issues lacked merit. We have considered petitioner's arguments and reviewed the record, and conclude that for these issues, petitioner has not made a substantial showing of the denial of a constitutional right. *See* § 2253(c). His request for a certificate of appealablity for these issues is denied.

first prong, petitioner must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance." *Id.* at 690. Strategic or tactical decisions on the part of counsel are presumed correct, *id.* at 689, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy," *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted). To prevail on the second, prejudice prong, petitioner "must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. [2]

As noted above, petitioner was charged with second degree burglary after former conviction of two or more felonies. The second page of the information

_____

[2]     Petitioner first raised his ineffective trial counsel claim in his application for post-conviction relief. The state court rejected it on the merits and on the basis of procedural bar, since petitioner did not raise it on direct appeal. On appeal from the denial of post-conviction relief, the Oklahoma Court of Criminal Appeals rejected this claim only on procedural bar grounds. Respondent has not raised a procedural bar defense to this claim in federal court. We therefore consider it waived. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1453 (10th Cir. 1995).

We also note that respondent does not contend that we owe the state court decision rejecting this ineffective counsel claim any deference under 28 U.S.C. § 2254(d). *Cf. Liegakos v. Cooke*, 106 F.3d 1381, 1385 (7th Cir. 1997) (declining to apply § 2254(d) deference to state trial court merits decision where state appellate court resolved issues on procedural grounds, rather than on merits). Even assuming we might owe the state court's merits decision deference in such circumstances, we would find the issue waived by respondent's failure to raise it. *Emerson v. Gramley*, 91 F.3d 898, 900 (7th Cir. 1996).

that charged him with the prior convictions listed five separate convictions. Three of the convictions, which were from a McDonald County, Missouri court, have the same date and case number (CR-281-393F). At the second or sentencing stage of petitioner's trial, the prosecutor read to the jury the second page of the information and presented certified copies of the judgments for the five prior convictions. The court instructed the jury that second degree burglary after former conviction of two or more felonies is punishable by a term of imprisonment not less than twenty years. The prosecutor asked for a sentence of forty years. The jury gave petitioner fifty.

As the jury was instructed, Okla. Stat. tit. 21, § 51(B) provides that punishment for a felony conviction following two or more prior felony convictions within the previous ten years shall be a prison term of at least twenty years. Addressing what prior convictions may be used in this sentence enhancement scheme, § 51(B) further states that "[f]elony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location." *Id.* 51(B). Related convictions are thus counted as only one prior conviction. *See, e.g.*, *Hammer v. State*, 671 P.2d 677, 678 (Okla. Crim. App. 1983) ("[I]f multiple convictions result [from a single criminal episode], under Section 51(B), only one may be used to enhance punishment.").

Petitioner contends that the three Missouri convictions with the same date and case number are related and that counting them as one, the information, and correspondingly, the evidence presented to the jury should have identified only three prior convictions instead of five. He further maintains that his trial counsel was ineffective for failing to challenge the use of the related convictions for enhancement purposes.

In the magistrate's judge's report and recommendation, which was adopted by the district court, the magistrate judge rejected petitioner's related-convictions argument, stating:

> [T]he defendant bears the burden of proving that the prior convictions arose out of the same transaction. The mere fact that the charges are similar, that pleas to the crimes were entered on the same day or that the case numbers are consecutive is not sufficient proof that the convictions were related. Here, Petitioner offers nothing but bald allegations and the fact that the convictions share the same case number to support his claim that the convictions arose out of the same transaction. The Judgment of Conviction in CR-281-393F reveals that at least one charge involved a different victim. Petitioner has failed to show that his convictions in CR-281-393F arose out of the same transaction . . . .

R., Doc. 31 at 12 (citations and quotation omitted). Because she concluded petitioner had not demonstrated that any of the prior convictions were inadmissible, the magistrate judge determined that his counsel was not ineffective for failing to pursue this possible defense.

Petitioner, however, had more than bald allegations and identical case numbers and dates. The three convictions he contends are related were for stealing, burglary and assault. The judgment for these convictions shows that all three crimes occurred on the same day, that the stealing count involved Jerry Hart's property, and that the burglary count involved entering Jerry Hart's residence with the intent to steal. Additionally, in a verified document, he alleged that the third count was for an assault on a law enforcement officer during his escape from the burglary.

The Oklahoma Court of Criminal Appeals addressed a somewhat analogous situation in *Miller v. State*, 675 P.2d 453 (Okla. Crim. App. 1984). The defendant testified that three of his convictions resulted from one event, and the court found that the "copies of the judgments and sentences introduced by the State tended to substantiate his testimony." *Id.* at 455. The only evidence of this substantiation the court cited was that

> [t]he convictions were for Assault and Battery With a Dangerous Weapon, Assault and Battery With a Deadly Weapon With Intent to Kill, and Larceny of an Automobile. The appellant testified that the charges arose from an attempted repossession of a car he had bought. A fight ensued, which resulted in the appellant wounding two men with a knife.

*Id.* n.1. The court found this evidence sufficient to show that the three convictions were related under § 51(B) and should have counted as only one. *Id.* at 455.

-7-

Similarly, in *Hammer*, the court found weapons and kidnapping charges to be related:

> At trial the appellant admitted having convictions for Pointing a Weapon at Another, AFCF, and Kidnapping, AFCF. His testimony also established that those convictions were the result of a single incident.
>
> The convictions were the result of an incident that occurred at Baptist Hospital in Oklahoma City in January, 1978. The informations were consecutively numbered, tried together, and the sentences on each conviction were to run concurrently.
>
> . . . .
>
> We hold that the convictions in question because of their relation to each other in time and location arose out of the same criminal transaction. The State therefore, improperly relied upon the appellant's two prior felony convictions for enhancement purposes under Section 51(B). This error requires modification of his sentence.

*Hammer*, 671 P.2d at 678. *See also Cardenas v. State*, 695 P.2d 876, 878 (Okla. Crim. App. 1985) (finding it "inescapable" that offenses that "occurred on the same day, and at the same location" should be counted as only one prior conviction under § 51(B)).

We conclude that, under the guidance of these cases, petitioner has made an adequate showing that his three convictions were related. The burglary and stealing convictions appear to be intricately related, and the assault conviction appears to be part of an almost continuous incident. Moreover, most of the

-8-

relevant facts are apparent from the face of the judgment the state produced to prove the convictions. We cannot think of any tactical reason why petitioner's trial counsel would not have investigated this matter and pursued this possible sentencing defense.

Respondent argues, without citing any authority, that even assuming that these three convictions should be counted as only one, petitioner cannot show prejudice because he still would have three valid prior convictions to support his enhanced sentence. [3] Under Oklahoma law, however, sentencing decisions are left to the jury's discretion, and the number of prior convictions presented to the jury may well affect the jury's discretion. We think that particularly true where, as here, the prosecutor emphasized and, in fact, solely relied on the number of prior

---

[3] We note that in her report, the magistrate judge stated that even had petitioner shown the three Missouri convictions should be counted as one, he would not have prevailed on appeal because he still had more than the two prior convictions necessary for an enhanced sentence under § 51(B). The magistrate judge cited *Pekah v. State*, 660 P.2d 652, 654 (Okla. Crim. App. 1983), in which the court held that, even assuming two prior convictions were improperly admitted for enhancement purposes, the defendant's sentence under § 51(B) was valid because there were still three other prior convictions. The magistrate judge discussed this issue in the context of a claim of ineffective appellate counsel for failing to raise a related-convictions argument on appeal. Were we addressing appellate counsel's performance, we might agree with her analysis, since the argument would not be a "dead-bang winner." *See United States v. Cook*, 45 F.3d 388, 395 (10th Cir. 1995). However, we do not find *Pekah* relevant to trial counsel's performance because, as discussed above, sentencing is a jury issue.

convictions in seeking a harsh sentence for petitioner.[4] The Oklahoma Court of Criminal Appeals reached a similar conclusion in *Miller*. In that case, the court found that two of the four prior convictions the prosecution relied on were

_____

[4] After reminding the jury of petitioner's five prior convictions and sentences in his closing, the prosecutor argued as follows:

> This defendant is before the Court not for the first time. He's not before the Court on his second chance. Not the third time, or the fourth time. He's here after having been convicted at least six times.

> How do you deal with that kind of repeat offender? What do you do? Obviously any effort to rehabilitate that offender has been offered to him in the past in the criminal justice system, or in the probation that's in those records.

> And it was obviously a waste of time.

> What do you do with a defendant like this? You take him off the street, because that's the only thing we can do with him. Because the only thing we can do with him is remove him from a free society so that he won't have more victims, so he won't steal from more people.

> . . . .

> And the longer he is gone the better off we all are. And my suggestion to you, Ladies and Gentlemen, as the law says the minimum is twenty years. That's with two convictions.

> I would say that twice that amount, knowing what we know today about punishments, twice that amount is a very reasonable request. Because at least we know if we give him forty years he won't be around here for a little while.

Trial Tr., Vol. II at 54, 58. As noted earlier, the jury gave petitioner a fifty-year sentence.

improper for enhancement purposes under § 51(B), and it held the error was not harmless. "The prosecutor based his argument for a long prison term solely on the number of prior convictions. . . . We find the resulting prejudice to the appellant reflected in the fifty year sentence imposed, and modify it to twenty years' imprisonment." *Miller*, 675 P.2d at 455-56.

"A deprivation of an opportunity to have a sentencing court exercise its discretion in a defendant's favor can constitute ineffective assistance of counsel." *United States v. Castro*, 26 F.3d 557, 560 (5th Cir. 1994) (quoted in *United States v. Harfst*, 168 F.3d 398, 404 (10th Cir. 1999)). Petitioner has presented evidence that his counsel was ineffective for failing to challenge prior convictions used to enhance his sentence. We thus conclude that, assuming the facts are as petitioner contends and the Missouri convictions should have been counted as only one, petitioner has demonstrated a reasonable probability that but for counsel's error, the result of the sentencing proceeding would have been different. We cannot say conclusively on the record before us that counsel was constitutionally ineffective; an evidentiary hearing is necessary for that determination.

We therefore REVERSE that part of the district court's order dismissing petitioner's claim of ineffective assistance of trial counsel as it relates to the use of prior convictions to enhance his sentence, and REMAND the case to the district court for an evidentiary hearing and further proceedings consistent with this order

-11-

and judgment. Petitioner's request for a certificate of appealability is DENIED

with respect to all issues on which his request was not previously granted.

Petitioner's request to proceed in forma pauperis on appeal is GRANTED.


                                        Entered for the Court


                                        John C. Porfilio
                                        Circuit Judge